UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-80777-CIV-COHN/SELTZER

CAMEAUX O. DANOIS,

    Plaintiff,

vs.

BANK OF AMERICA, N.A.,

    Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [DE 16] AND DISMISSING PLAINTIFF'S COMPLAINT [DE 1] WITHOUT PREJUDICE**

**THIS CAUSE** is before the Court on Defendant Bank of America, N.A.'s Motion to Dismiss Plaintiff's Complaint [DE 16] ("Motion"). The Court has considered the Motion and Plaintiff's Response [DE 18], and is otherwise advised in the premises. Defendant has not filed a Reply. The Court will grant the Motion to the extent that it will dismiss the Complaint [DE 1] without prejudice for Plaintiff's failure to comply with Federal Rule of Civil Procedure 8(a) & (d). The Court will allow Plaintiff to file an amended complaint.

Plaintiff filed his Complaint pro se on June 10, 2014. [DE 1 at 1.] An attorney, Marilyn L. Maloy, appeared on Plaintiff's behalf on July 2, 2014 [see DE 11 at 1] and has since participated in the case. However, Plaintiff's attorney has not moved for leave to file an amended complaint, and Plaintiff's pro se Complaint stands as the operative pleading.

The Eleventh Circuit has held that "pro se pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." Alba v.

Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).  Still, a pro se litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

Federal Rule of Civil Procedure 8 requires that a complaint contain "a short and plain statement of the grounds for the court's jurisdiction," Fed. R. Civ. P. 8(a)(1), and "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2).  Further, "[e]ach allegation must be simple, concise, and direct," although "[n]o technical form is required."  Fed. R. Civ. P. 8(d)(1); see also Gordon v. Green, 602 F.2d 743, 744 (5th Cir. 1979).

Instead, this pro se Complaint is muddled and confusing.  For example, it names only Cameux Danois as Plaintiff in the case style.  [DE 1 at 1.]  But its first line states that "Cameux O Danois & Marie Danois" sue Defendant.  [Id.]  Further, the Complaint mixes Plaintiff's factual allegations with descriptions of a Department of Justice investigation that may or may not be relevant to the suit [id. at 2–4], and with policy rationales behind certain consumer protection statutes [id. 4–5].  Also, many of Plaintiff's allegations are no more than threadbare conclusions.  [See, e.g., id. at ¶¶40–57.]

In light of these deficiencies, the Court will grant Defendant's Motion to the extent that it will dismiss the Complaint without prejudice for failure to comply with Federal Rule of Civil Procedure 8, and will allow Plaintiff leave to file an amended complaint.  Such leave should be freely given when justice requires.  Fed. R. Civ. P. 15(a)(2); Foman v. Davis, 371 U.S. 178, 182 (1962).  The Court therefore does not address the other issues raised in the Motion.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Bank of America, N.A.'s Motion to Dismiss Plaintiff's Complaint [DE 16] is **GRANTED** to the extent that Plaintiff's Complaint [DE 1] is dismissed without prejudice.

2. Plaintiff shall file an Amended Complaint on or before **September 24, 2014**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 9th day of September, 2014.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF.